No. 24709.

Denver Clean-Up Service, Inc. *v.* The Public Utilities Commission of the State of Colorado and Derby Disposal, Metropolitan Trash, Inc., Ruben Lee, Industrial Disposal, Bestway Disposal, Golden Disposal, Mountain View, Vanish Rubbish Removal, Englewood-Littleton Rubbish Removal, Sunrise Disposal, Dalberg's Hauling Service, B & W Dispose-All Service, Derby Waste Disposal, Dick's Rubbish Removal, Arvada Rubbish Removal, Wheatridge Disposal Service, Aurora and East Denver Trash Disposal, A-Aurora Removal Service, Alex Gerlach & Son Disposal Company, Freddie's Rubbish Removal, Monarch Disposal Company, Lakewood Disposal, Incorporated, Ray's Ash & Trash Service, Broomfield Rubbish Removal, J & R Disposal Trash Co., and Boulder Disposal.

(483 P.2d 974)

Decided April 19, 1971.

330

YEGGE, HALL and EVANS, JAMES C. PERRILL, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN E. ARCHIBOLD, Assistant, ROBERT E. COMMINS, Assistant, for defendant in error.

WILLIAM ANDREW WILSON, for intervenors and defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THE plaintiff in error, referred to as applicant, held — and presumably still holds — a certificate of public convenience and necessity from the Public Utilities Commission (called commission) to transport solid wastes from the City and County of Denver to disposal places in adjoining counties. It applied to the commission for, and was granted, expanded authority to transport liquid and solid wastes from the City and County of Denver and certain adjoining counties to disposal points in these and other counties. The order for expanded service was entered on February 27, 1967. It stated, "This Order shall become effective twenty-one days from date."

The protestants (intervenors and defendants in error here) filed a petition for rehearing, which the commission granted. Following the rehearing the commission found that existing carriers in the subject area were providing adequate service, and that the evidence submitted by the applicant was insufficient, vague, and indefinite. It denied the applicant's application, and made no finding that the original order was unjust or unwarranted. On review, the district court affirmed the commission's decision.

I.

The petition for rehearing filed before the commission was filed on a Monday, twenty-one days following the issuance of the original order. The applicant argues that, because C.R.S. 1963, 115-6-14(1) requires that the petition for rehearing be filed within twenty days from the date of the entry of the order, the petition was not timely filed. It contends that R.C.P. Colo. 6, which extends a time period ending on Sunday or a legal holiday to the following day, is not applicable. In contrast, the commission and the protestants argue that under commission rules R.C.P. Colo. 6 is applicable here. The protestants also urge that the petition for rehearing

was timely filed under C.R.S. 1963, 67-1-10, which reads as follows:

"If, on a holiday designated in section 67-1-2 or 67-1-3, or on any day when the public office concerned is closed, or on a Saturday, any document is required to be filed with any public office of the state of Colorado, its departments, agencies, or institutions, or with any public office of any political subdivision of the state, or any appearance or return is required to be made at any such public office, or any official or employee of such public office is required to perform any act or any duty of his office, then any such filing, appearance, return, act, or duty so required or scheduled shall neither be abated nor defaulted but the same shall stand continued to the next succeeding full business day at such public office at the same time and place."

We hold that the office of the commission is a "public office" within the terms of this statute. Since the twentieth day for filing fell on a Sunday when the commission offices were closed, the filing of the petition on Monday was timely. We have not considered the argument of the commission that a petition for rehearing could be filed within twenty days from the time the original order became effective.

## II.

The applicant takes the position that when the original order provided "This Order shall be effective twenty-one days from date," it became vested with a right under a valid order on March 20, 1967, and the only way the order could be rescinded would be after an entirely new proceeding. We take the view that the applicant acquired no final rights until the time for filing a petition for rehearing had expired and, as we have already held here, the petition was timely filed.

We do not consider the argument by the protestants that under the "twenty-one days" provision of the order it would not become effective until midnight at the end of the twenty-first day.

## III.

C.R.S. 1963, 115-6-14(3) provides that if, after rehearing, "the commission shall be of the opinion that the original order ... is in any respect unjust or unwarranted, or should be changed, the commission may abrogate, change or modify the same." To take the action that it did, the commission would necessarily have to conclude that the original order was unjust or unwarranted, and it would seem to be a useless thing to require that to be stated. However, we predicate our ruling adverse to the applicant on the ground that the applicant did not at any time raise this question before the commission, nor mention it in its petition for certiorari in the district court. It waived the point.

Judgment affirmed.

Mr. Chief Justice Pringle, Mr. Justice Hodges and Mr. Justice Lee concur.